

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 13, 2025

<u>**BY ECF**</u>

Honorable J. Paul Oetken
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

 Re:  *United States v. Henry Boone*, S1 23 Cr. 328 (JPO)

Dear Judge Oetken:

 The Government writes to respectfully request a one-week adjournment of trial in this matter, currently scheduled for December 8, 2025, to December 15, 2025, because one of the Government's witnesses is unavailable the week of December 8. The defendant does not object to a one-week adjournment. The Government anticipates trial to last approximately two days.

 In the event of an adjournment, the Government respectfully requests that the time between December 8, 2025, and December 15, 2025, be excluded pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). The Government respectfully submits that the ends of justice served by granting the proposed exclusion outweigh the best interests of the public and the defendant in a speedy trial, as the proposed exclusion will allow the parties to continue to prepare for trial. The defendant consents to this request.

 In addition, both parties respectfully request that the Court issue an advanced ruling on one specific issue raised in the parties' motions *in limine*: whether the trial will be bifurcated (1) as the Government proposes (Dkt. 87 at 4–9), into a first phase in which the jury considers the 18 U.S.C. § 922(g) count and a second ACCA phase in which the jury considers whether the defendant's prior crimes occurred on "occasions different from one another," 18 U.S.C. § 924(e); or (2) as the defendant proposes (Dkt. 88 at 6–10), into a first phase in which the jury would consider only whether the defendant knowingly possessed firearms that were in and affecting interstate commerce, and a second phase in which the jury would consider the prior-felony element of the Section 922(g) count, together with the ACCA inquiry.[1] The parties submit that the prompt

---

[1] The parties' oppositions to these motions are due to be filed on November 21, 2025. (Dkt. 83.)

resolution of this issue will enable them to more efficiently prepare for trial, including by determining whether to enter into certain stipulations that will obviate the need to call additional witnesses.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: /s/
Jessica Greenwood
Kevin Grossinger
Amanda C. Weingarten
Assistant United States Attorneys
(212) 637-1090/2426/2257

cc: Defense counsel (by ECF)

Granted.  The jury trial is adjourned to December 15, 2025.
  The Court excludes time under the Speedy Trial Act through December 15, 2025, finding that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial.
  The Court will endeavor to rule on the bifurcation issue as soon as possible following full briefing on November 21, 2025.
  So ordered:
  11/13/2025

J. PAUL OETKEN
United States District Judge