UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――
UNITED STATES OF AMERICA

              -v-                                      23-CR-328 (JPO)

HENRY BOONE,                                MEMORANDUM AND ORDER
                     Defendant.
―――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Before this Court are the parties' respective motions *in limine*. (ECF No. 87 ("Gov't Mot."); ECF No. 88 ("Boone Mot.").). Pursuant to the parties' request, the Court decides the question of bifurcation prior to reaching the remaining evidentiary disputes. For the reasons that follow, the Court denies Boone's motion to preclude use of his 1992 conviction as a predicate under the Armed Career Criminal Act ("ACCA"), denies Boone's motion to bifurcate trial such that the prior conviction element of § 922(g)(1) is in the second phase, and grants the government's motion to bifurcate the trial into a guilt stage and an ACCA stage.

**I.     Background**

      A detailed recitation of the facts is set out in the Court's prior order resolving Boone's motion to suppress. (ECF No. 76.) On January 30, 2024, a grand jury returned a superseding indictment charging Boone with a single count of possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 20.) According to the indictment, Boone has three prior convictions, "one . . . for a serious drug offense and two . . . for violent felonies, all of which were committed on occasions different from one another," making him subject to a 15-year mandatory minimum sentencing enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). (*Id.* at 1.)

1

The superseding indictment lists the following three convictions. On or about March 20, 1992, Boone was convicted in Bronx County Supreme Court of robbery in the second degree, aided by another, in violation of New York Penal Law Section 160.10(1). (*Id.*) Boone was fourteen years old when he committed the acts that led to the 1992 conviction. (Boone Mot. at 4.) On or about October 1, 1996, Boone was convicted in Bronx County Supreme Court of attempted assault in the first degree, in violation of New York Penal Law Section 120.10. (ECF No. 20 at 1.) And on or about November 17, 2003, Boone was convicted in the United States District Court for the Southern District of New York of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(C). (*Id.*)

Boone moved to dismiss the ACCA allegations. (ECF No. 27.) That motion focused on the 1996 and 2003 convictions. (*See generally id.*) This Court denied the motion in a bench ruling on September 25, 2024, concluding that all three convictions qualify as ACCA predicates. (*See* ECF No. 63.)

The parties filed their respective motion *in limine* on November 12, 2025. (Gov't Mot.; Boone Mot.) Boone now moves to preclude the 1992 conviction as an ACCA predicate, arguing that it does not qualify because the offense was adjudicated as a juvenile offender act and not as an adult prosecution. (Boone Mot. at 3-6.) In the alternative, Boone asks the Court to bifurcate the trial such that, in the first phase of the trial, the jury considers only whether he knowingly possessed firearms that were in and affecting commerce, and in the second phase, the jury considers whether the government has met its burden on the remaining elements of § 922(g) as well as whether the predicate convictions satisfy ACCA. (*Id.* at 7-10.) The government, on the other hand, seeks bifurcation such that, in the first phase of the trial, the jury considers all the

2

elements of § 922(g), and in the second phase, the jury considers whether the predicate convictions satisfy ACCA. (Gov't Mot. at 17-20.)

## II.     ACCA Predicate

Before reaching bifurcation, the Court must first address Boone's threshold argument that the 1992 conviction is precluded from use as an ACCA predicate. ACCA provides that, "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult," and which meets certain other requirements not in dispute here. *Id.* at § 924(e)(2)(B).

Boone's conviction in 1992 was under New York Penal Law Section 160.10(1) (ECF No. 96-2),[1] which provides that "[a] person is guilty of robbery in the second degree when he forcibly steals property and when . . . he is aided by another person actually present." N.Y. Penal Law § 160.10(1). That conviction would satisfy the definition of violent felony under ACCA if Boone's offense were adjudicated as an adult prosecution, but if Boone's act is treated as one "of juvenile delinquency," then it fails to meet the additional requirement that such act "involv[e] the use or carrying of a firearm, knife, or destructive device." 18 U.S.C. § 924(e)(2)(B). The relevant question is thus whether Boone's offense qualifies as an act of juvenile delinquency.

---

[1] The Court can use information from documents such as this certificate of disposition, often called *Shepard* documents, to determine "the fact of a prior conviction and the then-existing elements of that offense." *Erlinger v. United States*, 602 U.S. 821, 839 (2024).

3

The Second Circuit has held that "[a]n offense constitutes an act of juvenile delinquency if it is adjudicated as such by the applicable state." *United States v. Daye*, 571 F.3d 225, 230 n.7 (2d Cir. 2009), *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591 (2015); *see also United States v. Harrington*, 370 F. App'x 216, 221 (2d Cir. 2010) (summary order). Thus, courts determining ACCA eligibility do not rely on the mere fact of the defendant's age and instead look to the manner in which the underlying state prosecution and conviction unfolded. *See, e.g.*, *United States v. Ramsey*, 840 F. App'x 23, 24 (7th Cir. 2021) (holding that defendant's armed robbery conviction when he was 16 years old was not an act of juvenile delinquency because "Indiana law subjects a 16-year-old who commits armed robbery to the jurisdiction of the adult criminal courts").

Boone urges this Court to resolve a question yet unanswered by the Second Circuit: whether juvenile offender status in New York state—which provides the opportunity to be referred to Family Court, limits sentencing maximums, and requires incarceration under New York's Division for Youth rather than the New York Department of Corrections and Community Supervision—turns an offense into an act of juvenile delinquency for ACCA purposes. *See United States v. Driskell*, 277 F.3d 150, 155 (2d Cir. 2002) (explaining juvenile offender status). But as the government points out, that question is not actually before this Court. At the time of Boone's 1992 conviction, New York law defined "juvenile offenders" as "a person fourteen or fifteen years old who is criminally responsible for acts constituting the crimes defined in . . . *subdivision two* of section 160.10 (robbery in the second degree)." N.Y. Penal L. § 10.00(18)(2) (1991) (emphasis added). Boone was convicted under *subdivision one* of § 160.10, a provision not included within New York's definition of juvenile offender. Thus, there is no evidence before this Court to suggest that Boone was treated as a juvenile offender for his 1992

4

conviction. To the contrary, Boone was tried in New York Supreme Court and, according to the transcript of his plea hearing, was eligible for fifteen years of imprisonment (ECF No. 96-4 at 7:19-21), which is the maximum available to adult defendants rather than juvenile offenders. *Compare* N.Y. Penal L. § 70.00(2)(c) *with id.* § 70.05(2)(d) (setting maximum of seven years imprisonment for juvenile offenders convicted of a class C felony).

On this record, the Court must conclude that Boone was treated as an adult in the prosecution of and sentencing in his 1992 conviction. And as the Second Circuit has already held, second-degree robbery under § 160.10(1) is a violent felony for ACCA purposes. *Boone v. United States*, 750 F. App'x 64, 65 (2d Cir. 2019) (summary order) (holding that "Boone can no longer maintain that his convictions for second-degree and attempted second-degree robbery under New York law do not qualify as ACCA predicates"). Accordingly, Boone's motion to preclude use of his 1992 conviction as an ACCA predicate must be denied.

## III.    Bifurcation

The parties next contest the lines along which this Court should bifurcate trial. The government seeks a first phase in which the jury determines Boone's guilt on § 922(g)(1) and a second phase in which the jury determines whether Boone's ACCA predicate offenses occurred on different occasions.[2] (Gov't Mot. at 17.) In contrast, Boone seeks a first phase in which the jury considers only whether he knowingly possessed firearms that were in and affecting interstate commerce and a second phase in which the jury considers whether Boone has a prior

---

[2] Section 922(g) provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g). Thus, proving that Boone violated § 922(g)(1) requires showing (1) Boone's knowing prior felony conviction, (2) his knowing subsequent possession of a firearm, and (3) the firearm's nexus to commerce. *See United States v. Estevez*, 961 F.3d 519, 527 (2d Cir. 2020).

felony conviction satisfying § 922(g)(1) along with whether his ACCA predicate offenses occurred on different occasions. (Boone Mot. at 7.)

In *Erlinger v. United States*, the Supreme Court held that the question of whether a defendant's ACCA predicates were committed on separate occasions must be decided by a jury. 602 U.S. 821, 834-35 (2024). The Court also recognized the risk of prejudice to defendants if prosecutors, in proving that the ACCA predicates occurred on different occasions, could "regale juries with the details of the defendant's past misconduct." *Id.* at 847 (quotation marks omitted). But *Erlinger* held that such prejudicial effect is adequately addressed by bifurcation of the proceedings, pursuant to which "a jury is first tasked with assessing whether the government has proved the elements of the § 922(g) felon-in-possession charge" and then, "only if it finds the defendant guilty, the jury turns to consider evidence regarding whether the defendant's prior offenses occurred on different occasions for purposes of applying ACCA's mandatory minimum sentence under § 924(e)." *Id.* at 847-48.

The bifurcation blessed in *Erlinger* is precisely the one the government seeks here. Boone, on the other hand, asks this Court to go one step further and cleave from the initial phase *any* question of prior conviction, saving that element of § 922(g) for the second phase alongside ACCA's "different occasions" determination. In support of this argument, Boone points out that the past crime element of § 922(g) poses the same kind of prejudicial risk as the "different occasions" determination. (Boone Mot. at 8.)

Neither the Second Circuit nor this Court has had occasion post-*Erlinger* to consider the exact contours of bifurcation in a § 922(g) and ACCA trial. But the Second Circuit has previously held that any alleged prejudice to the defendant from proving the prior conviction requirement of § 922(g) does not justify bifurcation of the offense's elements. In *United States*

6

*v. Amante*, the Second Circuit held that the district court abused its discretion in bifurcating a § 922(g) trial to present the defendant's prior felony conviction in a second phase: "The core justification . . . for ordering bifurcation—potential prejudice to [defendant] as a result of the simple fact of the prior felony—has been rejected by this court without equivocation," as "where the prior conviction is essential to proving the crime, it is by definition not prejudicial." 418 F.3d 220, 224 (2d Cir. 2005) (cleaned up). *Amante* held that, "while it is possible that bifurcation of a single-count felon-in-possession trial might be appropriate in an extraordinarily unusual case, such as where the facts of the prior felony would be admitted into evidence and are of such a heinous nature as to overwhelm the trial on possession," the absence of such circumstances precludes bifurcation of a § 922(g) trial by element. *Id.* at 222-23 (cleaned up).

There is no indication that this is the type of "extraordinarily unusual case" contemplated by *Amante*, where the facts of the prior felony are so heinous as to overwhelm the § 922(g) trial. Boone's argument for bifurcation seems instead to be that this case is "extraordinarily unusual" merely because a second trial phase is already required. (ECF No. 100 at 3.) Boone does not explain why that fact alone presents the kind of unusual circumstance that overcomes the strong presumption against bifurcation of a § 922(g) count by element. Rather, his argument ultimately relies on the specter of prejudice raised by the mere fact of the prior conviction—precisely the argument rejected by *Amante*. And although Boone urges that *Erlinger* abrogates the precedents on which *Amante* relied, he offers no argument for why *Amante* itself would be abrogated by *Erlinger*. In fact, *Erlinger* endorsed bifurcation of a § 922(g) and ACCA trial such that the prior conviction element of § 922(g) is tried in the first phase. 602 U.S. at 847-48. And *Amante* recognized that, "in a multi-count trial, a decision to bifurcate a felon-in-possession charge in its entirety from other charges . . . may be appropriate in certain circumstances." 418 F.3d at 224

n.2.  *Amante* and *Erlinger* are thus compatible, as both endorse bifurcation of § 922(g) from other offenses or enhancements but neither contemplates bifurcation within the § 922(g) offense. Indeed, courts that have ordered bifurcation post-*Erlinger* have only bifurcated the guilt phase from the ACCA phase, not the bifurcation requested by Boone.  *See, e.g.*, *United States v. Davis*, No. 24-CR-393, 2025 WL 348535 (N.D. Okla. Jan. 30, 2025); *United States v. Matthews*, No. CR 24-114, 2025 WL 1697509 (E.D. La. June 17, 2025).

The Court finds no justification for finding that Boone's case meets the narrow exception recognized in *Amante* or that *Erlinger* has abrogated *Amante*'s holding that it is otherwise error to bifurcate the elements of § 922(g).  Accordingly, Boone's motion to bifurcate the trial by element is denied and the government's motion to bifurcate the trial into a guilt phase and an ACCA phase is granted.

**IV.    Conclusion**

For the foregoing reasons, Boone's motion preclude use of his 1992 conviction as an ACCA predicate is denied, and his motion to bifurcate the trial by element is denied.  The government's motion to bifurcate the trial by offense is granted.

SO ORDERED.

Dated: November 25, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge