**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*Tamara Giwa*
Executive Director

*Jennifer L. Brown*
Attorney-in-Charge

December 5, 2025

**Via ECF**
Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **United States v. Henry Boone**
         **23 Cr. 328 (JPO)**

Dear Judge Oetken:

      The defense respectfully seeks reconsideration of the Court's Memorandum and Order of November 25, 2025. ECF No. 103. Specifically, the defense asks that the Court reconsider that portion of its ruling which denied the defense motion to preclude use of Mr. Boone's 1992 offense as an Armed Career Criminal Act (ACCA) predicate.[1]

      In short, in 1992, Mr. Boone was prosecuted and sentenced in New York state court as a juvenile offender, pursuant to N.Y. Penal L. § 60.10,[2] despite pleading guilty to an offense that was not defined as such in N.Y. Penal L. § 10.00(18). This happened both by operation of law and as a matter of fact. There are additional, overlooked facts that make this clear, which are described in, and appended to, this motion.[3] Thus, this argument, *see* ECF No. 88 (Mr. Boone's Motions in *Limine*) ("Boone Mot.") is not the "last-ditch effort" the government wants it to be, *see* ECF No. 96 (Government's Opposition to Mr. Boone's Motions in *Limine*) ("Gov't Opp.") at 1; instead, it is an absolute bar to the government proceeding with the prosecution of Mr. Boone under ACCA. Reconsideration is thus warranted and necessary.

---

[1] The parties' in limine briefing schedule did not include *replies* to each other's opposition filings, and the Court ruled on this topic before we had a chance to write one. Thus, we must correct the factual record and make responsive arguments in this form.

[2] All references to New York statutes are to the versions that were in effect in 1991. For convenience, we have appended copies of the 1991 versions of §§ 10.00, 60.10, 70.02, 70.05, and 70.20 as Exhibit D.

[3] The documents attached hereto have been in the possession of the government for more than a year and were produced to undersigned counsel in discovery.

New York State Prosecuted Mr. Boone as a Juvenile Offender

Mr. Boone's 1992 case was filed on October 25, 1991, in New York Supreme Court, Bronx County, under indictment 1391/91. Mr. Boone was 14 years old. The top count charged in the indictment was first-degree robbery, N.Y. Penal L. § 160.15. *See* Exhibit A, Coversheet to Indictment No. 1391/91. At the time, N.Y. Penal L. § 10.00(18) included "160.15 (robbery in the first degree)" in the definition of "juvenile offender." Accordingly, pursuant to the law, the state charged Mr. Boone as a juvenile offender. This is borne out in the indictment's caption: "People of the State of New against Boone, Henry, Juvenile Offender." Exhibit A; *see also* Exhibit B (Criminal Complaint (stamped as "Juvenile Offender")); Exhibit C (Rap sheet excerpt (designating this case as "Juvenile Delinquent")).[4]

This Court could end the inquiry here and rule that Mr. Boone, by operation of law, was subject to a juvenile prosecution.

The government's arguments to the contrary are unavailing. The government encouraged the Court to look at the statute of conviction in a vacuum, and see *only* that § 160.10(1) was not enumerated in § 10.00(18). Gov't Opp. 2.[5] But to adopt the government's lens would obscure all of the other facts pertinent to whether Mr. Boone was treated as an adult or a juvenile.

Moreover, that Mr. Boone was permitted to plead to a lesser charge on the Indictment – i.e. to a second-degree robbery subsection not enumerated in § 10.00(18) – did not convert the matter from a juvenile offender prosecution to an adult prosecution.[6] In addition to that being nonsensical (and not supported by any case law), Mr. Boone went on to both be sentenced as a juvenile offender, and serve his sentence as a juvenile offender.

New York State Sentenced Mr. Boone as a Juvenile Offender

Mr. Boone was sentenced to an indeterminate term of 1-to-3 years. Gov't Opp. 5 at Exh. 5 (Sentencing transcript). This sentence was not permitted for an adult conviction of second-degree robbery under New York law.

---

[4] Juvenile offenders in New York State are prosecuted in Supreme Court. Thus, the government's repeated reliance on the fact that Mr. Boone was prosecuted in Supreme Court does not at all negate our claim that Mr. Boone was prosecuted as a juvenile offender.

[5] We agree that this offense is not enumerated and apologize for the misstatement in our opening motion.

[6] Upon receipt of the government's opposition motion, the defense engaged in a wide-ranging review of the 1991 and 1992 New York Penal and Family Court Laws, as well as controlling precedent from the New York Court of Appeals and others. As a result, the defense now harbors serious doubt about the jurisdictional validity of Mr. Boone's 1992 guilty plea, and is actively researching the viability of a motion to vacate the plea in state court.

New York Penal Law § 160.10 was classified in 1992 as a Class C Violent Felony. N.Y. Penal L. § 70.02(1)(b). At the time, for adults sentenced to Class C Violent Felonies, the prison sentence was indeterminate (today it is determinate). The maximum term had to be between 4 ½ and 15 years. N.Y. Penal L. § 70.02(3)(b). The minimum term had to be one-third of the maximum term imposed. N.Y. Penal L. § 70.02(4). Accordingly, the minimum adult sentence for a second-degree robbery adult conviction was 1 ½-to-4 ½ years, and the maximum was 5-to-15 years. Thus, Mr. Boone's 1-to-3-year sentence was *not* a lawful adult sentence.

In fact, the *only* way this 1-to-3 year sentence was authorized by law was if the state judge sentenced Mr. Boone as a juvenile offender. Juvenile offenders were also subject to indeterminate sentences. N.Y. Penal L. § 70.05 ("A sentence of imprisonment for a felony committed by a juvenile offender shall be an indeterminate sentence"). However, the maximum term for a juvenile offender with a C Violent Felony was much lower than that for an adult: between 3 years and 7 years. N.Y. Penal L. § 70.05(2)(d). Here, in Mr. Boone's 1992 case, the state court sentenced him to the lowest possible maximum: 3 years. Pursuant to subsection (c), the minimum term had to be one-third of the maximum: thus, Mr. Boone's indeterminate sentence was 1 to 3 years. This sentence could *only* have been ordered for a juvenile offender, pursuant to § 70.05. It was a wholly inapplicable and unlawful sentence for an adult, and contravened § 70.02, the adult sentencing range. (The fact that the state court judge misstated the statutory maximum at Mr. Boone's 1992 sentence did not convert this sentence to an adult sentence.[7]) Mr. Boone was, in fact, sentenced as only a juvenile offender could be.

Finally, Mr. Boone served his sentence for the 1992 case under the custody of the Department for Youth (DFY) – not the Department of Corrections and Community Supervision (DOCCS). Mr. Boone served his sentence at the Goshen Center, which was run by DFY.[8] This placement was consistent with N.Y. Penal § 70.20(4), which, at the time, mandated that: "a juvenile offender, or a juvenile offender who is adjudicated a youthful offender and given an indeterminate or a definite sentence, shall be committed to the custody of the director of the division for youth who shall arrange for the confinement of such offender in secure facilities of the division."

Thus, the government was wrong when it argued that "[n]owhere in either proceeding did the court state or suggest that the defendant was being adjudicated as a juvenile offender under

---

[7] Focusing on the state judge's misstatement about there being a 15-year statutory maximum, the government went so far as to malign the defense for raising the instant arguments about Mr. Boone actually being a juvenile offender, and even called our claims "deeply troubling," see Gov't Opp. 4, n. 6. To the contrary, what is deeply troubling here is the fact that year after year, and in proceeding after proceeding, no court, prosecutor, or defense attorney has looked closely enough to discover that Mr. Boone was treated as a juvenile in 1992 and received a juvenile's sentence. The time to correct that is now.

[8] Today, DFY has been replaced by other state agencies, including the Office of Children and Family Services, which now runs the Goshen Center. See OCFS website, available at https://ocfs.ny.gov/programs/rehab/facilities/goshen.php.

New York law." Gov't Opp. 3. In fact, the state court judge did so when he imposed a sentence term on Mr. Boone pursuant to § 70.05(2)(d), and committed Mr. Boone to a DFY facility.

<u>Mr. Boone was Treated as a Juvenile Offender for the 1992 Disposition</u>

In its Memorandum and Order, the Court ruled that, "[o]n this record, the Court must conclude that Boone was treated as an adult in the prosecution of and sentencing in his 1992 conviction." ECF 103 at 5. Mr. Boone respectfully brings the foregoing overlooked facts and law to the Court's attention and asks that it reconsider this portion of the ruling. The charging document in the 1992 case clearly identified Mr. Boone as a juvenile offender, the sentence he received could only be imposed if he were treated as a juvenile offender, and 15-year-old Mr. Boone was incarcerated by the Division for Youth as a juvenile offender.[9]

In this regard, it is worth noting that the government agrees that if Mr. Boone was treated as a juvenile in New York State, then the conviction is an "act of juvenile delinquency." Gov't Opp. 4 (quoting *United States v. Daye*, 571 F.3d 225, 231 n.7 (2d Cir. 2009), *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591 (2015); *see* 18 U.S.C. § 921(a)(20)(B) ("What constitutes a conviction of such crime [for ACCA purposes] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.")).

Thus, with these additional facts, and for the reasons set forth in pages 3 through 6 of the defense Motions in *Limine*, the 1992 case cannot serve as an ACCA predicate, and the Court should grant the defense motion to preclude. Doing so would further the aims of judicial efficiency, as it would render bifurcation unnecessary, obviate the jury instruction litigation the parties are engaging in,[10] and prevent additional litigation about this issue at the sentencing stage should Mr. Boone be convicted.

Respectfully submitted,

Federal Defenders of New York

/s/_____
Zawadi S. Baharanyi, Esq.
Sylvie J. Levine, Esq.
Madeline M. Silva, Esq.
Kendra L. Hutchinson, Esq.

---

[9] The fact that no prior court or counsel has made this argument is neither binding nor persuasive. Gov't Opp. 3. Mr. Boone and his lawyers must challenge the instant indictment pending against him, and the Court may not allow the government to proceed to an ACCA trial when there are not, as a matter of law, three viable predicate offenses.

[10] Given the arguments herein, we ask to be heard regarding any jury instructions and verdict forms after the Court considers this reconsideration motion.