

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 6, 2026

**By ECF**
Honorable J. Paul Oetken
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Henry Boone*, S4 23 Cr. 328 (JPO)

Dear Judge Oetken:

      The Government respectfully writes to inform the Court and the defendant that today, a grand jury returned an S4 superseding indictment (the "S4 Indictment") in the above-referenced matter. The only difference between the S4 Indictment and the prior S3 superseding indictment (the "S3 Indictment") relates to the description of the particular subsection of New York Penal Law § 160.10 to which the defendant pled guilty in the 1992 Conviction,[1] *i.e.*, where the S3 Indictment listed no subsection, the S4 Indictment tracks the corrected Certificate of Disposition provided by the Bronx County Supreme Court to the Government on December 22, 2025 (the "Corrected COD").[2]

      The S4 Indictment renders the defendant's motion to obtain the grand jury minutes of the non-operative S3 Indictment (Dkt. 129) moot. Regardless, and in any event, the defendant's motion is baseless and should be denied.

**I.    Applicable Law**

      "The grand jury has always occupied a high place as an instrument of justice in our system of criminal law—so much so that it is enshrined in the Constitution." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 423 (1983). Indeed, it "is a constitutional fixture in its own right," *United States v. Williams*, 504 U.S. 36, 47 (1992) (internal quotation marks omitted), and "grand jury proceeding[s] [are] accorded a presumption of regularity," *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 301 (1991) (internal quotation marks omitted). Grand jury proceedings presumptively remain secret. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). A court "may" disrupt that secrecy and authorize disclosure of grand jury materials where

---

[1] Defined terms have the same meaning as in the Government's prior filings.

[2] The Government produced the Corrected COD to the defendant on December 22, 2025, and provided a copy to the Court on the following day. (Dkt. 124.)

a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

To meet this standard, "a defendant must demonstrate a 'particularized need' for the materials." *United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 519 (S.D.N.Y. 2007) (quoting *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978)); *see United States v. Mechanik*, 475 U.S. 66, 75 (1986) (presumption of grand jury secrecy "may be dispelled only upon particularized proof of irregularities in the grand jury process") (O'Connor, J., Concurring). Courts in this Circuit thus have long held that disclosure "of grand jury minutes should not be permitted without concrete allegations of Government misconduct." *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994). "[T]he mere fact that evidence presented to the grand jury was unreliable, misleading, or inaccurate, is not sufficient to require dismissal of an indictment." *Id.* (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 260-61 (1988)); *see United States v. Forde*, 740 F. Supp. 2d 406, 414 (S.D.N.Y. 2010) ("Mere speculation that the grand jury may have heard insufficient evidence . . . falls far short of the showing to overcome the presumption of secrecy."); *United States v. Shaw*, No. S1 06 Cr. 41 (CM), 2007 WL 4208365, at *6 (S.D.N.Y. Nov. 20, 2007) (same); *United States v. Brown*, No. 95 Cr. 168 (AGS), 1995 WL 387698, at *7 (S.D.N.Y. June 30, 1995) (same).

## II. Discussion

In moving to disrupt the secrecy of the grand jury, the defendant suggests, without any evidence and against all logic, that the Government improperly presented the grand jury with the prior, uncorrected version of the Certificate of Disposition for the 1992 Conviction (the "Prior COD") in order to obtain the S3 Indictment. That argument defies common sense.

The S2 superseding indictment, which the Government obtained on or about November 24, 2025, alleged that, for purposes of the 1992 Conviction, the defendant was convicted under New York Penal Law § 160.10(01). On December 5, 2025—the morning of the then-final pretrial conference—the defendant filed a motion for reconsideration as to the 1992 Conviction, to which he attached only select pages of the indictment underlying his 1992 Conviction, but *not* the pages of the indictment that listed the particular statute to which he pled guilty. (Dkt. 107.) The Government then reviewed the full indictment underlying the 1992 Conviction in conjunction with the defendant's guilty plea transcript and discovered—for the first time—that the defendant in fact pled guilty to New York Penal Law § 160.10(02)(B), such that the Prior COD, which cited Section 160.10(01), was likely erroneous. In light of that discovery, the Government immediately informed the Court of the suspected error (2025.12.05 Tr. at 14-16) and proceeded to obtain the S3 Indictment to eliminate the error.[3] Accordingly, the S3 Indictment charged the defendant with

---

[3] Although the defendant complains that the Government has "entirely changed its theory and allegations regarding Mr. Boone's alleged 1992 conviction" (Dkt. 129 at 2), he appears to concede that—consistent with the Corrected COD, the other materials underlying the 1992 Conviction, and the Government's best understanding—the defendant pled guilty to New York Penal Law § 160.10(02)(B). Moreover, the Government's base theory has not changed. The Government has consistently alleged since the S1 superseding indictment, returned in January 2024, that the defendant was convicted in 1992 of robbery in the second degree, in violation of New York Penal Law § 160.10, and that the 1992 Conviction was an ACCA-eligible conviction. The only change

having sustained "a conviction on or about February 28, 1992, in Bronx Supreme Court, for robbery in the second degree, in violation of New York Penal Law Section 160.10," containing no reference to the particular subsection under which the defendant sustained the 1992 Conviction. To be clear, the Government *did not* present the Prior COD to the grand jury in obtaining the S3 Indictment; the error in the Prior COD is precisely why the Government sought to obtain the S3 Indictment in the first place, *i.e.*, to remove the citation to Section 160.10(01) which the Government believed was likely incorrect.

For the foregoing reasons, not only is the defendant's motion to obtain the grand jury minutes of the non-operative S3 Indictment mooted by the S4 Indictment, it is baseless. The defendant utterly fails to make "concrete allegations of Government misconduct," *Leung*, 40 F.3d at 582, sufficient to establish "particularized need" for the minutes, *Ordaz-Gallardo*, 520 F. Supp. 2d at 519.[4]

---

is that the Government has determined that Subsection (02)(B) of that statute, not Subsection (01), is the crime to which the defendant pled guilty. When the Government discovered the error in the Prior COD, it immediately raised the issue with the Court and necessarily superseded to remove the citation to the incorrect subsection of New York Penal Law. Since then, the Bronx Supreme Court has confirmed that the Prior COD—which the Government had previously relied on—was inaccurate and issued a corrected version, which the Government immediately produced to the defense and provided to the Court. (Dkt. 124.) As the Government repeatedly has made clear, it is committed to getting this right, regardless of whether uncovering an error in a 34-year-old state court document has led to additional briefing and a trial adjournment.

[4] To the extent the Court finds it necessary, the Government is prepared to provide the S3 Indictment grand jury minutes to the Court *ex parte* for *in camera* review. Such an exercise, however, is unnecessary in light of the Government's clear representations in this letter. Courts are reluctant to conduct *in camera* reviews of grand jury proceedings where, as here, the defendant seeks to deputize the Court to invade the province of the grand jury in a hail-mary search for wrongdoing absent any evidence. *See United States v. Jasper*, 00 Cr. 825 (PKL), 2003 WL 21709447, at *7 (S.D.N.Y. July 23, 2003) ("Reviewing grand jury minutes is an extraordinary action for a court, and there was, and is absolutely no need for this Court to take such a step under the circumstances presented in this case.") (citing *Costello v. United States*, 350 U.S. 359, 363-64 (1956) and *United States v. Casamento*, 887 F.2d 1141, 1182 (2d Cir. 1989)); *United States v. Spy Factory Inc.*, 960 F. Supp. 684, 690 (S.D.N.Y. 1997) ("[D]efense counsel seeks to send this Court on a fishing expedition—searching for vague and nebulous violations of law that might have taken place in the grand jury. Such vain endeavors will not lightly be undertaken by this Court and are certainly not required under the law."). In any event, no grand jury materials should be disclosed to the defendant because he has utterly failed to meet the high standard for disclosure.

Accordingly, the defendant's motion should be denied as moot.

>Respectfully submitted,
>
>JAY CLAYTON
>United States Attorney
>
>by: /s/ _____
>Jessica Greenwood
>Kevin Grossinger
>Amanda C. Weingarten
>Assistant United States Attorneys
>(212) 637-1090/2426/2257

cc: Defense counsel (by ECF)