UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

HENRY BOONE,

Defendant.

**SUPERSEDING INDICTMENT**

S4 23 Cr. 328 (JPO)

---

### COUNT ONE
(Possession of a Firearm After a Felony Conviction)

The Grand Jury charges:

1.    On or about March 17, 2023, in the Southern District of New York and elsewhere, HENRY BOONE, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, and having one conviction for a serious drug offense and two convictions for violent felonies, all of which were committed on occasions different from one another, namely, (i) a conviction on or about February 28, 1992, in Bronx Supreme Criminal Court, for robbery in the second degree, in violation of New York Penal Law Section 160.10(02)(B); (ii) a conviction on or about July 31, 1996, in Bronx Supreme Criminal Court, for attempted assault in the first degree, in violation of New York Penal Law Sections 110-120.10; and (iii) a conviction on or about November 18, 2003, in the United States District Court for the Southern District of New York, for possession with intent to distribute crack cocaine, in violation of Title 21, United States Code, Sections 812, 841(a), and 841(b)(1)(C); knowingly possessed firearms, to wit, (1) a 9 mm Luger caliber, semi-automatic, RUGER, model LC9s pistol, and (2) a 9 mm Luger caliber, semi-automatic, TAURUS, model G3c pistol, and the firearms were in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(1) and 924(e).)

## FORFEITURE ALLEGATION

2. As a result of committing the offense alleged in Count One of this Indictment, HENRY BOONE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense, including but not limited to: (1) a 9 mm Luger caliber, semi-automatic, RUGER, model LC9s pistol; (2) a 9 mm Luger caliber, semi-automatic, TAURUS, model G3c pistol; (3) a 9 mm Luger caliber, Winchester, Copper Jacketed Hollow Point cartridge; (4) two 9 mm Luger caliber, Maxxtech, Brass Jacketed Full Metal Jacket cartridges; (5) two 9 mm Luger caliber, Speer, Copper Jacketed Hollow Point cartridges; (6) three 9 mm Luger caliber, Winchester, Copper Jacketed Full Metal Jacket cartridges; and (7) two 9 mm Luger caliber, Starline, Copper Jacketed Full Metal Jacket cartridges.

### Substitute Assets Provision

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

                        (Title 18, United States Code, Section 924;
                        Title 21, United States Code, Section 853; and
                        Title 28, United States Code, Section 2461.)

FOREPERSON

JAY CLAYTON
United States Attorney