UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>HENRY BOONE,<br><br>Defendant. | CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY<br><br>S4 23 Cr. 328 (JPO) |

WHEREAS, on or about June 28, 2023, HENRY BOONE (the "Defendant"), was charged in one-count Indictment 23 Cr. 328 (JPO) (the "Indictment") with possession of a firearm after a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1) (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in the offense charged in Count One of the Indictment, including but not limited to:

a. A 9mm Luger caliber, semi-automatic, RUGER, model LC9 pistol;

b. A 9mm Luger caliber, semi-automatic, TAURUS, model Gc3 pistol;

c. A 9mm Luger caliber, Winchester, Copper Jacketed Hollow Point cartridge;

d. Two 9mm Luger caliber, Maxxtech, Brass Jacketed Full Metal Jacket cartridges;

e. Two 9mm Luger caliber, Speer, Cooper Jacketed Hollow Point cartridges;

f. Three 9mm Luger caliber, Winchester, Copper Jacketed Full Metal Jacket cartridges; and

g. Two 9mm Luger caliber, Starline, Copper Jacketed Full Metal Jacket cartridges;

WHEREAS, on or about April 27, 2026, the Defendant pleaded guilty to Count One of the Indictment, pursuant to a written plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One and agreed to forfeit to the United

States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the offense charged in Count One of the Indictment, including but not limited to the Ruger bearing serial number 329-71396 loaded with approximately seven bullets and the Taurus bearing serial number 1KA09400 loaded with approximately fifteen bullets;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the following property that was seized by the Government on or about March 17, 2023, from the Defendant at the time of his arrest in the Bronx, New York, as firearms and ammunition involved in or used in the offense charged in Count One of the Indictment:

a. A 9mm Luger caliber semi-automatic Ruger pistol bearing serial number 329-7139;

b. A 9mm Luger caliber semi-automatic Taurus pistol bearing serial number 1KA09400;

c. Two Magazines; and

d. Twenty-Two 9mm Cartridges

(a. through d., collectively, the "Specific Property");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys,

Jessica Greenwood, Kevin Grossinger, and Amanda Weingarten, of counsel, and the Defendant and his counsel, Zawadi Baharanyi, Esq., and Sylvie Levine, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pleaded guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant HENRY BOONE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to Rule 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________________ 8/7/26
DATE

Jessica Greenwood
Kevin Grossinger
Amanda Weingarten
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-1090/2426/2257

HENRY BOONE

By: Henry L Boone 8-7-26
DATE

Henry Boone

By: ______________________________ 8/7/26
DATE

Zawadi Baharanyi, Esq.
Sylvie Levine, Esq.
Attorneys for Defendant
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007

SO ORDERED:

______________________________ 8/7/26
HONORABLE J. PAUL OETKEN DATE
UNITED STATES DISTRICT JUDGE